UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Missouri corporation, <br><br> Plaintiff, <br><br> v. <br><br> METRO EAST SANITARY DISTRICT, a municipal corporation, and <br><br> SOUTHWESTERN ILLINOIS FLOOD PREVENTION DISTRICT COUNCIL, a municipal corporation, <br><br> Defendants. | Case No. 3:20-cv-1258 |

**VERIFIED COMPLAINT**
**FOR DECLARATORY JUDGMENT, INJUNCTIVE AND LEGAL RELIEF**

Plaintiff Terminal Railroad Association of St. Louis ("TRRA"), a Missouri corporation, by and through its undersigned attorneys, for its Verified Complaint for Declaratory Judgment, Injunctive and Legal Relief (the "Complaint"), states as follows:

**NATURE OF ACTION**

1. TRRA seeks declaratory and injunctive relief from an imminent threat by Metro East Sanitary District ("MESD") to use Illinois state law to condemn and take through eminent domain certain of TRRA's property in connection with a proposal by the Southwestern Illinois Flood Prevention District Council (the "Council") to construct a filter blanket on the property as part of a broader flood prevention project along the Mississippi River. TRRA seeks a declaration that the threatened state law condemnation action is preempted by the Interstate Commerce Commission Termination Act (the "ICCTA"), 49 U.S.C. § 10101, *et seq.*, would violate TRRA's

1

rights under several clauses of the Constitution of the United States of America, and would not be permitted under Illinois state law. Terminal Railroad seeks injunctive relief to maintain the status quo and to avoid the imminent and irreparable harm threatened by the Defendants' actions, for which there is no adequate remedy at law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under the Constitution, laws, or treaties of the United States. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1337, because this action arises under an act of Congress regulating commerce, specifically, the ICCTA.

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because MESD and SIFPD reside in the Southern District of Illinois and a substantial part of the events or omissions giving rise to TRRA's claims occurred in the Southern District of Illinois and/or a substantial part of the property that is the subject of the action is situated here.

## PARTIES

4. TRRA is a corporation organized under the laws of the State of Missouri. Its principal place of business is in the City of St. Louis, Missouri. TRRA is a rail common carrier engaged in the business of interstate freight rail transportation.

5. MESD is a municipal corporation organized and operated under the laws of the State of Illinois. Its principal place of business is in Granite City, Illinois. MESD operates and maintains federal levees in order to provide flood protection, surface water drainage, and sewage treatment to Madison and St. Clair Counties, Illinois.

SL 4108160.2

6. The Council is a municipal organization operated and organized under the laws of the State of Illinois. Its principal place of business is in Collinsville, Illinois. The Council operates and maintains federal levees in order to provide flood protection to Madison, Monroe, and St. Clair Counties, Illinois.

**FACTS**

7. TRRA, whose predecessors date back to 1797, was formed in 1889. TRRA currently owns and operates the Merchants Bridge, the MacArthur Bridge, several key railroad routes in St. Louis, Missouri, and Madison and St. Clair Counties in Illinois, and a rail switching yard located in Madison, Illinois. The switching yard has seventy-seven (77) in-bound, out-bound, and holding tracks that allow over 30,000 rail cars to pass through on a monthly basis. TRRA also operates seventeen (17) locomotives to move cars around the yard, deliver cars to local industries, and prepare trains for departure. TRRA's integrated freight rail transportation system promotes and benefits interstate commerce.

8. TRRA's rail transportation system includes extensive track and other property in both Missouri and Illinois.

9. On April 28, 2020, the Council sent a letter to TRRA outlining a request of easement (the "Request") on TRRA's property to construct a filter blanket (an engineered, layered filter made primarily of sand and gravel and seeded with grass) as a flood control measure. *See* Request, attached and incorporated as **Exhibit A**. This Request specifically sought a permanent easement of approximately 10 acres (434,920 square feet) and a temporary easement of approximately 3.8 acres (167,205 square feet) (the "Proposed Easements") within an approximately 83-acre parcel of land designated ID 01-02.0-512-001 (the "Parcel") in St. Clair County, Illinois. *Id.*

10. As part of this Request, the Defendants proposed a purchase price for the Proposed Easements. In the ensuing months, the Defendants and TRRA could not reach an agreement regarding the Request.

11. The Council took the position in the Request that other flood protection measures, such as cutoff walls or wells, were not feasible alternatives.

12. TRRA believes a cutoff wall is a feasible alternative to the proposed filter blanket.

13. In areas to the north and south of the Proposed Easements, cutoff walls have been utilized as flood control measures.

14. Cutoff walls are a flood control method that is much less intrusive to private property than a filter blanket.

15. The proposed filter blanket would substantially abrogate TRRA's ability to use the Parcel – particularly for railroad and intermodal transportation purposes.

16. Cutoff walls generally allow property owners to continue using their land as they otherwise would.

17. Implementation of a cutoff wall in the Mississippi River along the Parcel is a feasible alternative to achieve Defendants' flood protection objectives.

18. Implementation of a cutoff wall, rather than the proposed construction of a filter blanket, would substantially avoid the taking of TRRA's property rights in the Parcel.

19. On September 21, 2020, MESD sent a notice to TRRA, offering to pay $382,000 for the Proposed Easements. *See* Sixty (60) Day Notice (the "Notice"), attached and incorporated as **Exhibit B**. This Notice stated that "[i]n the absence of a negotiated agreement to acquire the [Parcel], it is the intention of the MESD to initiate eminent domain proceedings to acquire the [Parcel]." *Id.* at p. 2. Specifically, MESD threatened that it will "file a condemnation complaint

with St. Clair County Circuit Court to acquire the [Proposed Easements]" should negotiations fail in the sixty-day interim. *Id.*

20. MESD's proposed offer (the "Offer") does not represent just compensation for the proposed taking, as it is substantially below the loss of fair market value in the Parcel that would be caused by the Proposed Easements.

21. MESD's Offer valued the Parcel far below its true fair market value.

22. The area of the Proposed Easements is an integral part of the Parcel. TRRA intends to market the Parcel for expansion of its rail and multi-modal operations. The area of the Proposed Easement is integral to the ability to develop the Parcel for railroad and multi-modal purposes. That land is needed for the construction of rail lines through the Parcel in order to develop expanded rail and multi-modal facilities on the Parcel.

23. Construction of the proposed filter blanket would render the area of the Proposed Easements unusable and unsuitable for the construction and operation of rail lines and multi-modal facilities.

24. The proposed filter blanket project will prevent TRRA from developing the Parcel for rail and multi-modal operations that would connect with and facilitate TRRA's existing interstate rail transportation operations. TRRA's continued ability to use all parts of the Parcel for interstate rail and multi-modal purposes is integral to the improvement and expansion of the current interstate freight rail transportation system.

## **COUNT I**

### **(Declaratory Judgment)**

25. TRRA realleges and incorporates all preceding paragraphs of this complaint as if they were set forth in full in this Count I.

26. If the Defendants proceed to condemn the Parcel for its filter blanket project, TRRA will suffer harm including, without limitation, the loss of its future possessory right to the Parcel and its right to expand the existing interstate freight rail infrastructure and operations.

27. Those property rights are integral to the continued prosperous and economic operation of TRRA's interstate freight rail transportation system.

28. The permanent deprivation of TRRA's property rights would be irreparable. TRRA lacks an adequate legal remedy.

29. Under ICCTA, the Surface Transportation Board (the "STB") has exclusive jurisdiction over transportation by rail carriers, such as TRRA, and the construction, acquisition, operation, abandonment, or discontinuance of facilities, even if the tracks are located or intended to be located, entirely within one state. 49 U.S.C. § 10501(b).

30. The ICCTA preempts state regulation of rail transportation. 49 U.S.C. § 10501(b). Condemnation of railroad property is recognized as an extreme form of state regulation over interstate railroad transportation. *Union Pac. R. Co. v. Chicago Transit Auth.*, 647 F.3d 675 (7th Cir. 2011).

31. The threatened use of eminent domain to condemn the Parcel under state law is not authorized under the Illinois Eminent Domain Act because the proposed taking is not necessary for a public purpose, in that feasible alternatives exist to achieve Defendants' public purpose of flood protection, i.e. cutoff walls.

32. The threatened use of eminent domain to condemn the Parcel under state law would violate the takings clause of Amendment V to the Constitution of the United States of America, because the Offer does not constitute just compensation.

33. The threatened use of eminent domain to condemn the Parcel under state law would violate the Commerce Clause of the Constitution of the United States of America, Art. I, § 8, cl. 3, in that it would impose an undue burden on interstate commerce that outweighs its local benefits.

34. The Defendants' threatened condemnation action, as set forth in the Notice, creates an actual and justiciable controversy with TRRA concerning whether the alleged condemnation authority granted to the Defendants under Illinois state law is preempted by 49 U.S.C. § 10501(b), and whether the proposed use of eminent domain is authorized by Illinois law and constitutional under Amendment V to the Constitution of the United States of America. Declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate to resolve this controversy.

35. Any condition precedent to the maintenance of this action has been satisfied, waived, or excused.

36. In the absence of temporary, preliminary, and permanent injunctive relief, the Defendants will take further imminent action to condemn the Parcel using Illinois state law, effectively regulating TRRA's freight rail transportation operations and ability to use the Parcel for same.

37. Unless enjoined, the Defendants' actions will cause TRRA imminent and irreparable harm for which there is no adequate remedy at law.

WHEREFORE, the Plaintiff, Terminal Railroad Association of St. Louis, requests that this Honorable Court enter Judgment in its favor and against Defendants, declaring that Metro East Sanitary District and Southwestern Illinois Flood Prevention District Council's threatened action to use state law to condemn the Parcel are preempted by ICCTA, not authorized by Illinois law, and violates both Article I, Section 8, Clause 3 and Amendment V to the Constitution of the United States of America; and further enter temporary, preliminary and permanent injunctive relief against

Defendants, prohibiting them from taking any action to condemn the Parcel under state law, or otherwise attempt to regulate the Parcel or TRRA's rail operations other than by appropriate application to the Surface Transportation Board; award Plaintiff its costs including reasonable attorneys' fees incurred in this matter; and for all such other and further declaratory and equitable relief as the Court deems just and appropriate under the circumstances.

### Count II - 42 U.S.C. § 1983 – Violation of Commerce Clause

38. TRRA realleges and incorporates all preceding paragraphs of this complaint as if they were set forth in full in this Count II.

39. Defendants' local interest in flood protection could be achieved with lesser impact on interstate commerce than the Proposed Easements and filter blanket.

40. Defendants' Notice and threat of imminent prosecution of state law condemnation proceedings has and will continue to damage TRRA by, inter alia, preventing TRRA from effectively marketing the Parcel for development of expanded interstate rail and multi-modal operations, and negatively affecting the marketability and value of the Parcel.

41. Pursuant to 42 U.S.C. § 1983, TRRA seeks its actual damages.

42. TRAA further seeks its attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff, Terminal Railroad Association of St. Louis, requests that this Honorable Court enter Judgment in its favor and against Defendants, awarding Plaintiff its actual damages in an amount to be proven at trial; award Plaintiff its costs including reasonable attorneys' fees incurred in this matter; and for all such other and further relief as the Court deems just and appropriate under the circumstances.

Dated the 19th day of November, 2020

        Respectfully submitted,

        **SPENCER FANE, LLP**

        By: /s/ Thomas W. Hayde
        Thomas W. Hayde (ARDC No. 6288227) Lead Counsel
        Gerald P. Greiman (26668MO)
        Seong J. Hong (ARDC No. 6329829)
        1 N. Brentwood Blvd., Suite 1000
        St. Louis, MO 63105
        Tel: (314) 863-7733
        Fax: (314) 862-4656
        thayde@spencerfane.com
        ggreiman@spencerfane.com
        shong@spencerfane.com

        *Attorneys for Terminal Railroad Association of St. Louis*

## VERIFICATION

STATE OF MISSOURI    )
                                ) ss
CITY OF ST. LOUIS      )

Asim Raza, first being duly sworn on oath, states that he is Chief Legal Officer and Director of Corporate Affairs of the Terminal Railroad Association of St. Louis, Plaintiff herein; he has personal knowledge of the facts alleged and stated in the foregoing Verified Complaint; and pursuant to Federal Rule of Civil Procedure 65, the facts stated in the foregoing Verified Complaint are true and correct to the best of his knowledge, information, and belief.

_____
Asim Raza
Chief Legal Officer, Director of Corporate Affairs
Terminal Railroad Association of St. Louis

Subscribed and sworn to before me, a notary public, this  19th  day of  November, 2020.

_____
Notary Public

My Commission Expires:

12/5/2020

Amela Hamidovic
Notary Public Notary Seal
State of Missouri County of Saint Louis
My Commission Expires 12/05/2020
Commission # 16457773

10

SL 4108160.2