IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTHWESTERN ILLINOIS FLOOD PREVENTION DISTRICT COUNCIL, and METRO EAST SANITARY DISTRICT, <br><br> Defendants. | Case No. 20-cv-01258-DWD |

## ORDER

**DUGAN, District Judge:**

In this matter Plaintiff, Terminal Railroad Association of St. Louis, seeks declaratory and injunctive relief from forthcoming condemnation proceedings allegedly threatened by Defendant Metro East Sanitary District (Doc. 1). The threatened proceedings involve a proposal by Defendant Southwestern Illinois Flood Prevention District Counsel to construct a filter blanket on Plaintiff's property in connection with a broader flood prevention project along the Mississippi River (*Id*). Now before the Court is Plaintiff's Motion for Joinder (Doc. 30).

Plaintiff seeks to join non-party Wiggins Ferry Company ("Wiggins") as a plaintiff in this matter. Plaintiff represents that Wiggins is a "wholly-owned and controlled subsidiary" of Plaintiff and holds the fee title to the property at subject in this matter (Doc. 30, at ¶ 3). Plaintiff argues that Wiggins is a real party in interest, along with itself,

1

and as such Federal Rule of Civil Procedure 17(a)(3) requires the joinder of Wiggins as a party plaintiff. Rule 17(a) provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Further, Rule 17(a)(3) prevents the court from dismissing an action "for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

According to Plaintiff, Defendants have not raised an objection to the omission of Wiggins from Plaintiff's complaint in this matter, nor have Defendants informally raised a concern in communications with Plaintiff's counsel (Doc. 30, ¶ 5). Although Rule 17(a)(3) provides a method for joinder, presently, the Court finds that the better course of action at this time would be for Plaintiff to seek leave to amend its complaint to add Wiggins as a new party. Plaintiff represents that Wiggins is its "wholly-owned and controlled subsidiary" and a real party in interest, however, Plaintiff does not indicate whether Wiggins has received notice of this Motion or has otherwise consented to its involvement with this litigation. Indeed, should Wiggins be a required party to this matter, yet refuse to join as a plaintiff, Fed. R. Civ. P. 19(a)(2) permits the Court to make Wiggins a defendant, or in a proper case, an involuntary plaintiff. Leave to amend will therefore permit Plaintiff an opportunity to add Wiggins as a party without the Court undertaking a potentially unnecessary joinder analysis at this time.

Accordingly, the Court construes Plaintiff's Motion for Joinder as a motion for leave to file an amended complaint. Plaintiff's Motion was timely under the parties' Scheduling Order at Doc. 29, and the Court further finds that good cause exists for the

amendment.  The Court hereby **GRANTS** Plaintiff's Motion (Doc. 30) to the extent it seeks leave to file an amended complaint to add Wiggins Ferry Company as a party. Plaintiff shall file its amended complaint by **May 26, 2021**.  Defendants shall file an appropriate responsive pleading by **June 9, 2021**.  At that time, Defendants may assert any appropriate affirmative defenses or claims they may have against the added party.

    **SO ORDERED.**

    Dated: May 19, 2021.

                                      <u>/s/ David W. Dugan</u>
                                      DAVID W. DUGAN
                                      United States District Judge